ARTHUR RAYMOND CHESSMAN, petitioner,

*v.*

MARIE ISABELLA CHESSMAN, defendant.

[Heard and determined September 30th, 1924. Filed October 6th, 1924.]

**Divorce—Adultery—Recrimination and Counter-Charge—Desertion Also Charged Against Complainant—Neither Charge Sustained.**

On petition for divorce.

*Mr. Walter S. Keown,* for the petitioner.

*Mr. Frank W. Davis,* for the defendant.

The Court—Since you both appear to want to submit this case without argument, I have no objections.

Mr. Davis—I would just as leave submit it.

Mr. Keown—I am willing not to argue the case.

LEAMING, V. C.

Well, I think it is perhaps just as well, unless Mr. Davis could say something to change my mind, because my own views are very fully defined, and I think there can be no doubt touching the soundness of the conclusions that I have reached in my mind subject to change by argument.

The evidence in support of the petition for divorce upon the part of Mr. Chessman is conclusive; there is no doubt touching what must be done in view of that evidence, unless the defense of recrimination can be said to be established. Several witnesses have testified positively to having caught Mrs. Chessman in bed with this man, whose name I do not

at present recall, and Mrs. Chessman has admitted adultery and has given birth to a child that was necessarily conceived during the period of separation from her husband; so that there can be no doubt that a divorce must be granted to Mr. Chessman unless the defense of recrimination is established.

The answer, including the amended answer, sets up that Mr. Chessman has been guilty of adultery with Mrs. Gertrude Davis, naming June 1st, 1922, as the specific date of the adultery, with an averment that the act was committed at divers other times, and also sets up as a separate defense a claim that Mr. Chessman deserted Mrs. Chessman in January, 1920, and that the desertion was willful, continued and obstinate, and has so continued for a period of over two years from that date, which, if true, would mature a course of action for her—in her behalf against him—prior to the time this petition was filed by him.

I am convinced that the evidence will not support a finding of either adultery or desertion. It is true there was a separation; Mr. Chessman apparently left the home in January, 1920, and has never lived with Mrs. Chessman since, but the only evidence we have on that subject is the evidence of Mrs. Chessman. There is no corroboration to be found, or anything approaching corroboration, or showing the willfulness or the continuity of the desertion, or its obstinacy; so it cannot be said there is any corroborated proof that Mr. Chessman has willfully, continuously and obstinately deserted his wife. All there is in the case on that subject rests upon her testimony, which cannot be accepted as a ground for the conclusion of statutory desertion.

On the question of adultery the situation is the same. In order to make a finding of adultery between Mr. Chessman and Mrs. Davis we would be compelled to rely upon our own inferences; we would have to infer from their intimacy and their living together in the same house ostensibly as housekeeper and employer that the act of adultery was committed. We cannot go that far. No finding of fact that these two people have at any time committed the act of adultery could

possibly be supported by the evidence. It is difficult for me to refrain from saying, at the same time, that the suspicion of illicit relations between them is so strong that it forces itself upon my mind. I have seen so much of these intimate relations under the guise of business relations that it is very difficult for me to believe the truth of what the parties testify in claiming innocence on their part; but I have no adequate ground for finding as an adjudicated fact that Mr. Chessman has committed adultery; the utmost I can say is I have my strong suspicions that he has, but that is not sufficient. I am obliged to pronounce a decree of divorce in Mr. Chessman's behalf against his wife. I will advise a decree to that effect.